```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 28, 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ABDUL MALIK,

           Plaintiff,

   - against -

CITY OF NEW YORK, et al.,

           Defendants.
------------------------------------x

11 Civ. 6062 (PAC) (FM)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

On August 19, 2011, pro se Plaintiff Abdul Malik ("Plaintiff"), also known as Byron E. Rogers, a detainee at the Manhattan Detention Complex ("MDC") brings this 42 U.S.C. § 1983 action against the City of New York; MDC Superintendent Rose Agro ("Superintendent Agro"); and correction officers Aviles and A.D. Santiago (collectively, "Defendants").[1] Malik alleges that while in the custody of the New York City Department of Correction ("DOC"), he was forced to wear prison-issued sneakers that caused physical problems in his feet, back and neck and that he has suffered other mistreatment at the hands of correction officers. Plaintiff seeks injunctive and compensatory relief.

On October 13, 2011, this matter was referred to the Hon. Frank Maas, United States Magistrate Judge, for purposes of general pretrial and dispositive motions. Judge Maas issued a Report and Recommendation ("R&R") on August 15, 2012, recommending that Defendants' motion to dismiss be granted in part and denied in part. Specifically, Judge Maas recommended (1) denying Defendants' motion to dismiss for lack of subject matter jurisdiction (R&R at 11); (2) denying dismissal for Plaintiff's failure to exhaust his administrative remedies pursuant to the

---

[1] On October 13, 2011, the Court dismissed, sua sponte, Plaintiff's claims against the New York City Department of Correction and the Office of Corporation Counsel on immunity grounds.

Prison Litigation Reform Act (R&R 11-17); (3) finding that Plaintiff sufficiently alleged Defendants were deliberately indifferent to his medical needs (R&R at 18-21); (4) dismissing Plaintiff's deprivation of property claims regarding his shoes, religious books, radio and commissary items under Section 1983 (R&R at 21-24); (5) denying dismissal of Plaintiff's First Amendment and Religious Land Use and Institutionalized Persons Act claims regarding damage done to his Quran (R&R at 24-25); (6) dismissing claims related to allegations that Plaintiff was subject to verbal harassment, threats and unprofessional conduct by corrections officers (R&R 25-26); (7) dismissing claims related to Plaintiff having been strip-searched (R&R at 26-27); (8) dismissing claims related to Defendants' alleged retaliation against Plaintiff for filing grievances (R&R 27-30); (8) denying dismissal of claims against the City of New York relating to its alleged "policy or custom of providing inadequate footwear for prisoners" (R&R 30-31); (9) dismissing claims against Superintendent Agro (R&R at 31-32); and (10) denying Defendants' motion that Plaintiff is not entitled to injunctive or compensatory relief (R&R at 34-35).

  Both Plaintiff and Defendants filed objections to the R&R, largely raising the same arguments that they had already presented to Magistrate Judge Maas in their Motion to Dismiss papers. A district court may "accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, timely objections have been made to the magistrate's recommendations, the court is required to review the contested portions *de novo*. La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." Id. Moreover, "[w]hen a party makes only conclusory or general objections . . . the [c]ourt will review the Report strictly for clear error. . . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate

judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

## CONCLUSION

Having reviewed the record *de novo* and having considered the issues raised in Plaintiff's and Defendants' objections, this Court has determined to accept and adopt the recommendation of Judge Maas for the reasons stated in the R&R. It is therefore ORDERED that Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. The Clerk of Court is directed to terminate document # 17 from ECF. The October 13, 2011 Order of Reference remains in effect.

Dated: New York, New York
September 28, 2012

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Abdul Malik
15-15 Hazen Street
East Elmhurst, NY 11370